**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Elmarie Mason,** | ) | **CASE NO. 1: 26 CV 2563** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **v.** | ) | |
| | ) | |
| **Citizens Bank, N.A.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This is a fee-paid civil action filed by *pro se* Plaintiff Elmarie Mason pertaining to a mortgage foreclosure. In her complaint, Plaintiff alleges that Defendant Citizens Bank, N.A. (Citizens Bank) is unlawfully attempting to foreclose on her mortgage loan relating to property located at 31009 Shaker Blvd., Pepper Pike, Ohio. (Doc. No. 1.) Plaintiff contests the transfer and securitization of her mortgage loan and disputes Citizens Bank's standing to foreclose on her mortgage. Asserting various state-law claims (including for fraudulent concealment, slander of title, breach of contract, and intentional interference with a contractual relationship), she seeks damages and declaratory relief and requests a Temporary Restraining Order and Injunctive Relief enjoining "Defendants and/or its agents . . . from prosecuting any continuance of a foreclosure sale of the subject property pending a trial on the merits of this case." (*Id.* at 14.)

Although Plaintiff does not specifically refer to it in her complaint, the Cuyahoga County Court of Common Pleas docket shows that, before she filed this lawsuit, a judgment of

foreclosure was entered against her and in favor of Citizens Bank in connection with her mortgage and the subject property following proceedings in which she participated. *See Citizens Bank, N.A. v. Elmarie Mason*, CV-26-132230 (Cuy. Cty. Ct. of Comm. Pls.) (Aug. 12, 2026 Judgment Entry, adopting a Magistrate's July 22, 2026 Decision with Findings of Fact and Conclusions of Law). In addition, the docket now shows that the property at issue has now been sold at Sheriff's Sale. (*See id*. at Oct. 7, 2026 docket entry).[1]

**Standard of Review and Analysis**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts are obligated to examine their own jurisdiction in all cases before them. *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 359 (6th Cir. 2006). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*sua sponte* dismissal of any *pro se* complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) is warranted "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn.*

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior

---

1 The Court may take judicial notice of the Court of Common Pleas Court's public docket. *Duncan v. U.S. Bank, N.A.*, 574 Fed. Appx. 599, 600 (6th Cir. 2014).

action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir.2013). "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at 493. *Res judicata* will bar a second suit if four elements exist: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the same transaction or occurrence as the previous action. *Id*.

These elements are all satisfied here. Before Plaintiff filed this lawsuit, the Cuyahoga County Court of Common Pleas entered a judgment of foreclosure in favor of Citizens Bank and against Plaintiff in connection with Plaintiff's mortgage and the subject property. This lawsuit involves the same parties as the state foreclosure case. Plaintiff's claims in this case, to the extent they challenge the validity of her mortgage and/or Citizens Bank's standing to foreclose, were or could have been raised in and arise out of the same "transaction or occurrence"as was at issue in the state foreclosure action (*i.e*., Citizen Bank's entitlement to foreclose on Plaintiff's mortgage loan). *See, e.g., Clark v. Lender Processing Serv., Inc*., 949 F. Supp.2d 763, 773–74 (N.D. Ohio 2013) (holding that *res judicata* barred a mortgagor's claims relating to a mortgage loan where there was a prior, final judgment on the merits relating to the loan in an underlying state foreclosure action). Accordingly, Plaintiff's action is barred by *res judicata*.

Further, under Ohio law, collaterally attacking a final foreclosure judgment by way of a separate action such as this one is "disfavored," and collateral attacks are permitted only in very limited circumstances, *i.e*., when the trial court lacked jurisdiction or when the prior court order

was the product of fraud. *See Davet v. Fed. Nat'l Mtge. Ass'n*, 2012–Ohio–3575, ¶ 8 (Ohio App. Aug. 9, 2012). Thus, in *Davet*, the Ohio Court of Appeals held that the appropriate remedy for a mortgagor to challenge a financial institution's lack of standing to pursue a foreclosure action "was in the direct appeal of the foreclosure court's decision and that [the financial institution's] lack of standing [to foreclose on a mortgage loan] was not a jurisdictional defect for which a collateral attack could be taken." (*Id.* at ¶ 11.) Here, to the extent Plaintiff seeks to challenge Citizens Bank's standing to pursue the state foreclosure action, or Citizens Bank's entitlement to foreclosure on her mortgage loan, Plaintiff's proper remedy is to pursue a direct appeal in state court. This separate action constitutes an improper collateral attack on a final judgment under Ohio law. *See Clark*, 949 F. Supp.2d at 772–73 (citing *Davet*).

This Court finds Plaintiff's complaint subject to *sua sponte* dismissal because Plaintiff cannot file a federal civil action in place of an appeal of the state foreclosure action or re-litigate issues and claims that were decided or could have been decided in the foreclosure action. In addition, this Court lacks jurisdiction to review or grant relief from any final decision of the state foreclosure court, or to interfere with any pending state-court foreclosure proceedings. *See, e.g., Givens v. Homecomings Financial*, 278 F. Appx. 607, 608–09 (6th Cir. 2008) (holding that a federal court lacked jurisdiction, under the *Rooker–Feldman* doctrine, over a mortgagee's action effectively attempting to appeal a state court judgment); *Doscher v. Menifee Circuit Court*, 75 F. Appx. 996, 997 (6th Cir. 2003) (holding that district court properly abstained, under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), from exercising jurisdiction over action challenging procedures in pending state foreclosure case).

**Conclusion**

For the foregoing reasons, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and the Court's authority established in *Apple v. Glenn*, and Plaintiff's request for a Temporary Restraining Order and Injunctive Relief is denied.[2] The Court further certifies, pursuant to 28 U.S.C. § 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 10/13/2026

2

*See Dates v. HSBC*, 721 F.Supp.3d 616 (S.D.Ohio, 2024) (denying motion for temporary restraining order where mortgagor's claims could have been raised in underlying foreclosure action and were effectively an appeal of state court foreclosure judgment).